1GAUDIN, Judge.
Mrs. Martha Blitz was 77 years of age when she tripped and fell over vinyl stripping in the front entrance of East Jefferson General Hospital on May 8, 1990. Mrs. Blitz filed suit against the Jefferson Parish Hospital Service District No. 2 and was awarded $80,000.00, including interest, court costs and expert fees, after a bench trial in the 24th Judicial District Court.
The hospital service appealed, contending that the finding of liability was erroneous and also that the trial judge erred in refusing to accept several defense witnesses as experts.
In response, Mrs. Blitz argues that the district judge was correct in all aspects of the trial except with regard to the sum awarded as damages. As a cross-appellant, Mrs. Blitz seeks an increase.
The finding of liability was supported by sufficient evidence and we affirm it. Mrs. Blitz sustained serious and painful injuries, particularly for a person of her age. She had a severely impacted comminuted fracture of her left wrist, factures of the 7th, 8th and 9th ribs and muscle and ligament damage to her shoulder, back, pelvis and knees. We increase her in globo award to $160,000.00.
Mrs. Blitz was at East Jefferson General Hospital to register for cataract surgery scheduled the following day. She was wearing flat shoes with wedge heels with a height of approximately one-half inch.
The front lobby of the hospital was covered by joined sections of carpeting except for an area surrounding the centrally-located information desk, which has terrazzo flooring. The space between the carpeting and terrazzo was covered by vinyl stripping.
In assigned “Reasons for Judgment,” the trial judge stated:
“She (Mrs. Blitz) testified that as she walked across the lobby her foot got caught in the vinyl stripping. Plaintiff contends that the vinyl stripping was loose so that the front of the sole of her shoe was caught between the vinyl stripping and the carpeting. Mrs. Blitz testified that it felt like her foot was caught in a bear trap ...
“Plaintiff contends that the vinyl stripping was both defectively installed and defectively maintained. Ladd Ehlinger, who was qualified as an expert in architecture, testified that there was little, and what he considered an insufficient amount of, vinyl adhesive on the underside of the vinyl trim stripping in contact with the top of the terrazzo floor. He concluded that either an inadequate amount of adhesive was applied during the original installation or that the efficiency of the adhesive originally applied was unacceptably reduced by chemical action on it from the ... wax that was applied during frequent maintenance *1061 of the terrazzo. |s¡Mr. Ehlinger is of the opinion that the vinyl stripping was both defectively installed and defectively maintained. It is his opinion that the stripping is subject to unacceptable distortion and movement when a shoe or other object encounters it. Such condition constitutes an obvious safety hazard, in Mr. Ehlinger’s opinion.
“Mr. Ehlinger’s findings were corroborated by Gary Paulsen, Ph.D., of Specter Chem Laboratories, whose spectrographic analysis revealed that the underside of the vinyl stripping contained only sporadic, and clearly insufficient, amounts of adhesive.”
The hospital service called various witnesses but apparently they were neither as credible nor as acceptable as petitioner’s witnesses. We are reluctant to substitute our findings of fact for those of the trial judge, who found defects in the installation and maintenance of the hospital flooring. It suffices to say that the determination of liability was supported by adequate evidence and was not clearly erroneous.
Concerning damages, we are aware that our role in reviewing awards is not to decide what we believe an appropriate award should be. Our role is to review the exercise of discretion by the trier of fact, as was stated in Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), and in many other cases.
Here, Mrs. Blitz’s special damages totalled $54,650,000, leaving, obviously, only $25,350.00 for general damages. The lowest amount the trial judge could and should have awarded, in line with the medical facts and other circumstances of this case, is $160,-000.00 including interest, court costs and expert fees.
The hospital service complains because two of its witnesses, Jerry Pitts and Frank O’Brien, were not accepted as Lexperts by the trial judge. An expert is one who, usually by education or experience, has a unique knowledge of the at-issue subject matter and he or she is permitted to express personal opinions. The trial judge was probably too restrictive in his evaluations of Pitts and O’Brien, both of whom appeared to have the necessary qualifications although Pitts was an employee of the hospital service and O’Brien had actually installed the flooring Mrs. Blitz tripped over. Nonetheless, the finding of liability was based on solid evidence. It does not appear, from the record, that the testimony of Pitts and O’Brien as experts would have altered the outcome of this trial.
As amended herein, we affirm the district court judgment of May 28, 1993 with the hospital service to bear costs of this appeal.
AFFIRMED AS AMENDED.